```
BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
DANIEL P. TALBERT
Special Assistant United States Attorney
        333 Market Street, Suite 1500
        San Francisco, California 94105
        Telephone:  (415) 977-8926
        Facsimile:  (415) 744-0134
        E-Mail: Daniel.Talbert@ssa.gov

Attorneys for Defendant
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| DARRYL JENKINS, ) | Case No. 2:09-CV-01084-GGH |
|     Plaintiff, ) | |
| v. ) | STIPULATION AND ~~PROPOSED~~ ORDER FOR |
| ) | THE AWARD OF ATTORNEY FEES PURSUANT |
| ) | TO THE EQUAL ACCESS TO JUSTICE ACT, |
| MICHAEL J. ASTRUE, ) | 28 U.S.C. § 2412(d) |
| Commissioner of Social Security, ) | |
|     Defendant. ) | |
| _____ ) | |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that the previously filed Equal Access to Justice Act (EAJA) application is hereby withdrawn.

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the amount of FIVE THOUSAND FIVE HUNDRED dollars and 0 cents ($5,500.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date,

Stip. & Prop. Order for EAJA                1

by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted June 23, 2011.

                                        Respectfully submitted,

Dated: June 22, 2011                */s/ Bess M. Brewer*
                                        (As authorized via email)

|   |   |
|---|---|
|   | BESS M. BREWER |
|   | Attorney for Plaintiff |
|   |   |
|   | BENJAMIN B. WAGNER |
|   | United States Attorney |
| Date: June 23, 2011 | By *s/ Daniel P. Talbert* |
|   | DANIEL P. TALBERT |
|   | Special Assistant U. S. Attorney |
|   |   |
|   | Attorneys for Defendant Michael J. Astrue |

ORDER

APPROVED AND SO ORDERED.

DATED: June 27, 2011        /s/ Gregory G. Hollows
                            _____
                            GREGORY G. HOLLOWS
                            UNITED STATES MAGISTRATE JUDGE

Stip. & Prop. Order for EAJA              3